# DOAR RIECK  KALEY &  MACK

ATTORNEYS  AT  LAW

JOHN DOAR (1921-2014)
WALTER MACK

OF COUNSEL

JOHN JACOB RIECK, JR.
JOHN F. KALEY
MICHAEL MINNEFOR

ASTOR  BUILDING
7TH FLOOR
217 BROADWAY
NEW  YORK,  N.Y. 10007-2911

TELEPHONE: (212) 619·3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website:  www.doarlaw.com

February 4, 2023

**VIA ECF**

The Honorable Eric N. Vitaliano
Senior United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *United States v. Salvatore Rubino*
Docket No. 22 Cr. 00356 (ENV)
<u>Ankle Bracelet Reply Letter</u>

Dear Judge Vitaliano:

As the Court may be aware, I am the CJA appointed defense counsel for defendant
Salvatore Rubino in this criminal action.

I would like to respond to Supervisor Elie's Memorandum to the Court that I received on
February 2, 2023.

1)  I was present on August 16, 2022 at all the arraignments of the defendants, and U.S.
Magistrate Cho assured all defense counsel present that the bail conditions were only initial
arrest day determinations and were subject to later modifications as conditions warranted;

2)  Missing from the conditions for Mr. Rubino listed in his Memorandum is the fact that
the Rubino's had to file a Confession of Judgment transferring to the government title to their
family home in Nassau  County should Mr. Rubino violate his bail conditions;

3)  The only action taken by Pretrial Services since the Court's Order of November 29,
2022 was perhaps to adjust the fitting of the ankle bracelet and move the bracelet to the right leg,
and that being the day after the defense's renewal of its removal application;

4)  On August 16, 2022 one of the points regarding the placement of the ankle bracelet
made by the defendant most stridently was that his right leg and back were the most painful that
he suffered from and that the left leg and foot, up until that time, were close to normal;

The Honorable Eric N. Vitaliano                    2                    February 4, 2023

5) As Dr. Carpentieri's medical notes convey, Mr. Rubino suffers from diabetes and concomitant circulatory problems. He acknowledges the symptoms of left foot pain and that those symptoms and complaints thereof did not exist before affixation of the bracelet. In my subsequent conversations with the Doctor and the results of subsequent neurological examinations which are continuing are unlikely to definitively determine that the bracelet is absolutely the cause of the symptoms and the likely answer is that there are a combination of causes which the ankle bracelet contributes to;

6) However, during the testing, Mr. Rubino was prescribed a 300 mg. dosage of Gabapentin daily to be increased to 600 mg. as the drug dosage is frequently prescribed. Although his pain is lessened for approximately 7 hours per 300 mg. pill, he is undergoing side effects of mood changes and drowsiness. He also, as previously represented, is required by his job to climb ladders and be on his feet consistently throughout his workday and night. Now he must cope with his pain and right leg disability coupled with an additional ankle bracelet appendage. In addition he has to deal with the effects of Gabapentin, although not as addictive as Opiods are, is addictive and is receiving greater attention by the medical profession for similar dangers to the public.

7) I am unaware of any complaint relating to Mr. Rubino that he has been unavailable because of cell or wireless dead zone abnormalities. Cell service has never been an issue at either his work, home or while traveling to and from his appointments, legal, medical or otherwise;

8) I am unaware of any intentional or mistaken violation of his bail conditions, assert that he has been scrupulously observant of his bail obligations and has cooperated with the PTS Officers Sanchez and Brady to whom he has been assigned;

9) I plead guilty to interpreting the Court's November 29, 2022 Order as suggesting that the Court was seeking or, at least, encouraging the utilization of an alternative method of location monitoring other than by ankle bracelet of which I believed a number existed that would avoid the pain, suffering and risks now visited upon Mr. Rubino on a daily basis. I differ with Supervisor Elie on his interpretation of that Order.

Accordingly, we respectfully request that Mr. Rubino's ankle bracelet be removed and alternative means of determining his location be utilized by Pretrial Services.

Thank you for the Court's consideration.

Respectfully submitted,

/s/
Walter Mack

cc: AUSA Drew Rolle
     AUSA Anna Karamigios
     (both via ECF filing)
     PTSO Mallori Brady

The Honorable Eric N. Vitaliano                    3                    February 4, 2023

Electric Monitoring Unit (via email only)